**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Carol Hessler, Derivatively on Behalf of AdaptHealth Corp.,<br><br>*Plaintiffs,*<br><br>v.<br><br>Luke McGee, Stephen P. Griggs, Gregg Holst, Jason Clemens, Frank J. Mullens, Joshua Parnes, Richard Barasch, Terence Connors, Susan Weaver, Dale Wolf, David S. Williams III, Bradley Coppens, Ted Lundberg, and Alan Quasha,<br><br>*Individual Defendants,*<br><br>and<br><br>AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp.,<br><br>*Nominal Defendant.* | CIVIL ACTION<br>NO. 21-5335 |

**ORDER AND FINAL JUDGMENT**

**AND NOW**, this 13th day of November 2024, after presiding over this case for almost three years, preliminarily approving the Settlement Agreement (ECF No. 29), reviewing Plaintiff's Unopposed Motion for Final Approval of Derivative Settlement (ECF No. 31), reviewing all declarations and materials in support of the motion, reviewing the legal standards governing such approvals, and conducting a hearing (ECF No. 36), the Court grants the Motion and the following is hereby **ORDERED** and **APPROVED**:

1. The Court has jurisdiction over the subject matter of the Derivative Action and all matters relating to the Settlement of the Derivative Action, as well as

personal jurisdiction over all the Parties. The Parties and AdaptHealth stockholders, as well as their heirs, executors, successors, and assigns, are bound by this Order and Final Judgment.

2. Notice of the pendency of the Derivative Action and of the proposed Settlement has been given to AdaptHealth stockholders and published pursuant to and in the manner directed by the Preliminary Approval Order. Proof of dissemination of the Notice was filed with the Court and full opportunity to be heard has been offered to all Parties and to all other persons and entities in interest with respect to all matters relating to the Settlement. The form and manner of the Notice is hereby determined to have provided due and sufficient notice of the Settlement, to have constituted the best notice practicable under the circumstances, and to have been given in full compliance with the requirements of Federal Rule of Civil Procedure 23.1, due process, and any other applicable law. No stockholder objected to the settlement.

3. Based on the record of the Derivative Action, each of the provisions of Federal Rule of Civil Procedure 23.1 has been satisfied. The Derivative Action has been properly maintained according to the provisions of Federal Rule of Civil Procedure 23.1.

4. The Court concludes that the Settlement was reached through adversarial, arm's-length negotiations and confers a substantial benefit on the Company and its stockholders. And having considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), the Court further concludes that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and its stockholders and is hereby approved pursuant to Federal Rule of Civil Procedure 23.1. The Parties are hereby authorized and directed to comply with and to

consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment.

5. The Court finds that all Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

6. The Derivative Action is hereby dismissed with prejudice. The Parties shall bear their own fees, costs, and expenses, except as provided in paragraph 15 below or as otherwise provided in the Stipulation and the Preliminary Approval Order.

7. Upon Final Approval of the Settlement, Plaintiff Releasing Parties, by operation of the Settlement and to the fullest extent permitted by law, shall completely, fully, finally and forever release, relinquish, settle and discharge each and all of the Released Defendants from any and all of the Plaintiff's Released Claims.

8. Upon Final Approval of the Settlement, Defendant Releasing Parties, by operation of the Settlement and to the fullest extent permitted by law, shall completely, fully, finally and forever release, relinquish, settle and discharge each and all of the Released Plaintiffs from any and all of the Defendants' Released Claims.

9. Plaintiffs, AdaptHealth, and any AdaptHealth stockholder derivatively on behalf of AdaptHealth waives and relinquishes, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the Released Claims.

10. The Parties acknowledge, and AdaptHealth stockholders shall be deemed to acknowledge, that he, she, they, or it has been advised of and/or is familiar with the provisions of California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR OR THE RELEASED PARTY.**

11. The Parties acknowledge, and AdaptHealth stockholders shall be deemed to acknowledge, that he, she, they, or it may hereafter discover Released Claims that he, she, they, or it did not know or suspect to exist in his, her, their, or its favor at the time of execution or Final Approval of the Settlement, including without limitation those which, if known, might have affected his, her, their, or its decision to enter into or object to the Settlement. Nevertheless, the Parties acknowledge, and AdaptHealth stockholders shall be deemed to acknowledge, that the Stipulation has been negotiated and agreed upon in light of such possible Unknown Claims, and each expressly waives, or shall be deemed to have waived, any and all rights under California Civil Code § 1542 and under any other federal or state statute or law of similar effect. The Parties acknowledge, and AdaptHealth stockholders shall be deemed to have acknowledged, that this waiver was expressly bargained for and is an integral element of the Settlement.

12. Neither this Order and Final Judgment, the Stipulation, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Released Parties; and/or (b) any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, or any administrative proceeding in any court, administrative

agency, or other tribunal. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

13. In the event that the Settlement is terminated pursuant to the terms of the Stipulation or if the Settlement does not obtain Final Approval for any reason, then: (i) the Settlement and the Stipulation shall be null and void and of no force and effect; (ii) this Order and Final Judgment and related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc*; and (iii) the Settlement and Stipulation shall not be deemed to prejudice in any way the respective positions of the Parties with respect to the Derivative Action, nor shall it be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Derivative Action, or in any other action or proceeding.

14. Without affecting the finality of this Order and Final Judgment in any way, Plaintiff's Counsel are awarded attorneys' fees and expenses in the amount of $935,000 (inclusive of costs), which the Court finds to be fair and reasonable under the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), and which shall be paid to Plaintiff's Counsel in accordance with the Stipulation. Out of this amount, Plaintiff's Counsel may pay a service award of $5,000 to the Plaintiff in recognition of her role in securing the benefits for AdaptHealth provided for in the Settlement.

15. Without affecting the finality of this Order and Final Judgment in any way, and subject to the terms of the Stipulation, this Court reserves jurisdiction over all matters relating to the implementation and enforcement of the terms of the Stipulation and this Order and Final Judgment.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.